UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                              CAUSE NO. 3:22-CV-77 DRL-MGG

DEWYER *et al.*,

    Defendants.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to appeal the order denying the motion to reopen this case *in forma pauperis*. ECF 37. Review of Mr. Mayberry's litigation history indicates that he has accrued three strikes under the Prison Litigation Reform Act. *See Mayberry v. Buss*, 3:24-cv-424 (N.D. Ind. filed May 24, 2024); *Mayberry v. Hollis*, 3:22-cv-1015 (N.D. Ind. filed Dec. 13, 2022); *Mayberry v. Dewyer*, 3:22-cv-77 (N.D. Ind. filed Jan. 24, 2022).

In the docketing statement, Mr. Mayberry contends that he has not accrued three strikes for purposes of this appeal because "a strike only counts if it occurred in a prior, different lawsuit," relying on *Coleman v. Tollefson*, 575 U.S. 532, 540–41 (2015). ECF 38 at 2 n.1. In that case, the Supreme Court briefly considered the issue of whether a prisoner can appeal *in forma pauperis* the dismissal of the complaint when that dismissal qualifies as the third strike. Though the parties agreed that such a dismissal should not impede a prisoner's ability to appeal it, the Supreme Court declined to resolve the issue, noting that the plaintiff was not "appealing from a third-strike trial-court dismissal."

The court finds Mr. Mayberry's reliance on *Coleman* unpersuasive for three reasons. First, the Seventh Circuit has decided that the three-strikes restriction does apply to appeals of a third-strike trial-court-dismissal. *Davenport v. Szczepanski*, 704 F. App'x 602, 604 (7th Cir. 2017) ("One final note: the district court recognized that its dismissal resulted in Davenport's third strike. Therefore it was wrong for the judge to grant Davenport leave to appeal without prepayment of the appellate filing fee.") (citing *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002)).

Second, the Seventh Circuit has specifically found that Mr. Mayberry has accrued three strikes in two recent appellate proceedings, including the immediate appeal. ECF 42; *Mayberry v. Neal*, 25-1219, ECF 15 (7th Cir. filed Feb. 11, 2025). Additionally, Mr. Mayberry, like *Coleman*, is not "appealing from a third-strike trial-court dismissal." Instead, he is appealing the order denying his motion to reopen this case, and the dismissal of this case qualifies as the first strike accrued by Mr. Mayberry rather than his third strike. Consequently, *Coleman* would not have applied here even if the Supreme Court had adopted the specific rule proposed by the *Coleman* parties. As a result, the court finds that Mr. Mayberry has accrued three strikes for purposes of this appeal.

Therefore, Mr. Mayberry may not proceed *in forma pauperis*, except for claims alleging that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing Section 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The claims asserted in this case pertain to the legal mail

policy utilized at the Miami Correctional Facility, where Mr. Mayberry has not resided since February 2023. ECF 30-1 at 2-10, 13. Because there are no claims in this case suggesting that Mr. Mayberry is imminent danger, the court denies the motion to appeal *in forma pauperis*.

For these reasons, the court DENIES the motion for leave to appeal *in forma pauperis* (ECF 37).

SO ORDERED.

May 29, 2025                               *s/ Damon R. Leichty*
                                           Judge, United States District Court